UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fredrick Stewart, | Case No. 24-cv-3432 (ECT/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| B. Eischen, | |
| Respondent. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Fredrick Stewart's Petition for a writ of habeas corpus. [Docket No. 1]. Stewart's Petition is now subject to initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

Under the First Step Act of 2018 ("FSA"), some prisoners may earn time credits towards their release from custody or towards sooner placement in prerelease custody by participating in "evidence-based recidivism reduction programming." 18 U.S.C. § 3632(d)(4). The FSA, however, expressly excludes some prisoners from the benefit of earned time credits, including prisoners convicted under

> Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) . . . relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof.

18 U.S.C. § 3632(d)(4)(D)(lxvi).

---

[1] Although Petitioner's habeas petition is not brought pursuant to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases in the United States District Courts nevertheless apply to this Petition. See Rule 1(b).

Petitioner Fredrick Stewart pleaded guilty in the United States District Court for the Northern District of Illinois to one count of "knowingly and intentionally distributing a controlled substance, namely, 40 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperindinyl] propanamide) . . . and 100 grams or more of a mixture and substance containing a detectable amount of heroin . . . ." See United States v. Stewart, No. 1:20-CR-0414-1, Doc. No. 69 at 9-10 (N.D. Ill. Aug. 27, 2020) (indictment); Doc. No. 171 (N.D. Ill. Nov. 20, 2021) (plea agreement). As a result, Petitioner was sentenced pursuant to 21 U.S.C. § 841(b)(1)(B)(vi) to a five-year term of imprisonment, which he is continuing to serve today at the Federal Prison Camp in Duluth, Minnesota ("FPC-Duluth").

In the present Petition for a writ of habeas corpus now before the Court, Petitioner claims that the Federal Bureau of Prisons ("BOP") is improperly declining to award him with earned time credits under the FSA. It is very difficult to see how Petitioner could possibly be entitled to the relief requested. The FSA itself states, in no uncertain terms, that persons convicted under § 841(b)(1)(B)(vi) of offenses related to fentanyl are excluded from the benefit of FSA earned time credits. Petitioner was convicted and sentenced pursuant to § 841(b)(1)(B)(vi). Indeed, Petitioner himself admitted as part of his plea agreement that he knowingly and intentionally distributed a controlled substance containing 40 grams or more of a mixture or substance containing a detectable amount of fentanyl—exactly the conduct prohibited by § 841(b)(1)(B)(vi). That would seem to be the end of the matter.

But Petitioner insists that the Supreme Court's recent decision in Loper Bright Enterprises v. Raimondo, 144 S. Ct. 2244 (2024), calls into doubt the legality of the BOP's decision not to award him time credits. Put briefly, Loper Bright and the decision it overturned, Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), concerned

the deference owed by courts to an agency's interpretation of an ambiguous statute. Loper Bright has in recent months become something of a talisman for federal prisoners, many of whom have attempted to fasten onto the case in the hopes that something about its holding might be applicable to their situation.

Petitioner identifies § 841(d)(4)(D)(lxviii) as offering an ambiguity that Loper Bright might allow him to use to his advantage. Under that provision, a prisoner convicted under § 841(b)(1) of any fentanyl offense is ineligible for FSA credits if that "offender was an organizer, leader, manager, or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission." According to Petitioner, the BOP has treated the "and" in § 841(d)(4)(D)(lxviii) as an "or" and has concluded that any prisoner convicted of any fentanyl offense is ineligible for FSA earned time credits, regardless of whether that prisoner was found to be an organizer, leader, manager, or supervisor of others. It is this alleged misinterpretation of § 841(d)(4)(D)(lxviii)—the BOP treating as disjunctive conditions that are supposed to be regarded as conjunctive—that Petitioner believes provides a basis for his claim.

But § 841(d)(4)(D)(lxviii) is not the provision that excludes Petitioner from the benefit of FSA time credits. Rather, it is § 841(d)(4)(D)(lxvi) that excludes Petitioner. Under that provision, persons convicted of certain specific fentanyl offenses—specifically, offenses punishable under § 841(b)(1)(A)(vi) or (B)(vi)—are ineligible for time credits, without reference to whether that prisoner was an organizer, leader, manager, or supervisor in the offense. Petitioner was convicted under § 841(b)(1)(B)(vi). Any alleged error in how the BOP has interpreted § 841(d)(4)(D)(lxviii) simply is not relevant to Petitioner; he is excluded under an entirely separate (and unambiguous) provision of the FSA.

3

Petitioner also argues that he is not excluded from earning time credits under the FSA because he was not convicted of a crime of violence. But this, too, is irrelevant. Section 841(d)(4)(D)(lxvi) does not distinguish between violent and non-violent offenses; all persons convicted under § 841(b)(1)(A)(vi) or (B)(vi) are ineligible. Petitioner is such a person.

For the reasons discussed above, it is evident from the habeas petition itself that Petitioner is not entitled to relief. Accordingly, this Court recommends that the habeas petition be denied and this matter dismissed with prejudice.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Fredrick Stewart, [Docket No. 1], be **DENIED**; and

2. This matter be **DISMISSED with prejudice**.


Dated: September 9, 2024                        s/Leo I. Brisbois
                                                Hon. Leo I. Brisbois
                                                United States Magistrate Judge


**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).